# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| SHANE A. ROGERS, | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION No. 11-00233-CG-B |
| | * | |
| MICHAEL J. ASTRUE, | * | |
| | * | |
|     Defendant. | * | |

## REPORT AND RECOMMENDATION

Plaintiff Shane A. Rogers brings this action under 42 U.S.C. § 405(g) to seek judicial review of a final decision of the Commissioner of Social Security. This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff, who is represented by counsel, filed on May 9, 2011, his Complaint along with a Motion to Proceed Without Prepayment of Fees and Costs. (Docs. 1, 2). In an Order dated May 10, 2011, the Court denied Plaintiff's Motion, and directed him to re-file on the Court's required form. (Doc. 4). Plaintiff filed a new Motion to Proceed Without Prepayment of Fees on June 8, 2011. Based upon a careful review of the financial information contained in Plaintiff's motion, including his representation that within the last 12 months he has received $25,443.00 in long term disability payments and $10,300 in annuities, that his wife earns $3,600 per month, that they have $11,000 in a bank account, and that they have less than $2000

in monthly debt obligations, the undersigned, in an Order dated June 9, 2011, determined that Plaintiff possessed the financial resources to pay the statutory filing fee. (Doc. 8). Accordingly, Plaintiff's motion was denied, and he was directed to pay the $350.00 filing fee no later than June 30, 2011. (Id.). Plaintiff was cautioned that "failure to comply with this Order, within the prescribed time, may result in the dismissal of this action for failure to prosecute." (Id.). Plaintiff failed to remit payment as directed. Accordingly, in an Order dated August 10, 2011 (Doc. 9), Plaintiff was directed to show cause for his failure to pay the filing fee and failure to comply with the Court's previous order. He was also again warned that failure to comply with the Court's Order may result in dismissal. (Id.). To date, Plaintiff has failed to pay the requisite filing fee, or otherwise respond to this Court's Orders.

Upon consideration of Plaintiff's lack of prosecution, and the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995);

Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); Mingo V. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **29th** day of **August, 2011.**

                              **/s/ Sonja F. Bivins**
                           **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c)); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).   The  procedure  for  challenging  the  findings  and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten  days  after  being  served  with  a  copy  of  the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that  the  magistrate  judge's  recommendation  should  be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original  brief  may  be  submitted  or  referred  to  and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.